UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES, DISTRICT
COUNCIL 47 HEALTH AND WELFARE FUND,
PHILADELPHIA FIREFIGHTERS UNION LOCAL
NO. 22 HEALTH & WELFARE FUND and
NATIONAL COUNCIL OF FIREMEN AND OILERS,
LOCAL 1201 HEALTH AND WELFARE FUND,

                          Plaintiffs,

-against-

PURDUE PHARMA L.P. and THE PURDUE
FREDERICK COMPANY INC.,

                          Defendants.

---

Civ. 07-1968

**ANSWER**

**JURY DEMAND**

       Defendant The Purdue Frederick Company, Inc. ("PF"), in answer to Plaintiffs'

Complaint, states as follows:

## AS TO IDENTIFICATION OF PARTIES

       1.      PF denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 1 of the Complaint.

       2.      PF denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 2 of the Complaint.

       3.      PF denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 3 of the Complaint.

4.    PF admits the allegations contained in paragraph 4 of the Complaint.

5.    PF denies each and every allegation contained in paragraph 5 of the Complaint, except admits that it is a New York corporation with its principal place of business located at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut, and that plaintiffs purport to refer to defendants Purdue Pharma L.P. and PF collectively as "Purdue."

6.    PF denies each and every allegation contained in paragraph 6 of the Complaint, except admits that OxyContin® Tablets ("OxyContin") is marketed, distributed or sold throughout the United States, including in the Commonwealth of Pennsylvania, and that neither PF nor Purdue Pharma L.P. are citizens of the Commonwealth of Pennsylvania.

7.    PF denies each and every allegation contained in paragraph 7 of the Complaint.

## AS TO JURISDICTION

8.    PF states that paragraph 8 of the Complaint alleges legal conclusions to which no answer is required.

9.    PF states that paragraph 9 of the Complaint alleges legal conclusions to which no answer is required.

## AS TO ALLEGED COMMON FACTS

10.    PF denies each and every allegation contained in paragraph 10 of the Complaint, except states that OxyContin is a Schedule II controlled-release prescription medication

2

approved for sale by the Food and Drug Administration of the United States Department of

Health and Human Services ("FDA") in 1995 and first sold in the United States in 1996 for the

management of moderate to severe pain where use of an opioid analgesic is appropriate for

more than a few days.

11.     PF denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 11 of the Complaint.

12.     PF denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 12 of the Complaint.

13.     PF denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 13 of the Complaint.

14.     PF denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 14 of the Complaint.

15.     PF denies each and every allegation contained in paragraph 15 of the Complaint,

except denies knowledge or information sufficient to form a belief as to the truth or falsity of

the allegation therein that "[d]uring the relevant time period, the Funds purchased Oxy[C]ontin

for use by their members or retirees, and/or, reimbursed members or retirees for their purchases

of OxyContin."

16.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.     PF denies each and every allegation contained in paragraph 18 of the Complaint.

19.     PF denies each and every allegation contained in paragraph 19 of the Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the FDA-approved professional prescribing information ("package insert") for OxyContin, which speaks for itself as to its content, except that, prior to July 2001, some employees made, or told other employees to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

20.     PF denies each and every allegation contained in paragraph 20 of the Complaint, and states that OxyContin is, and generally has been, marketed for a variety of pain conditions in accordance with the package insert for OxyContin, which speaks for itself as to its content, except that, prior to July 2001, some employees made, or told other employees to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with

4

the medicine, which statements violated written company policies requiring adherence to the prescribing information.

21.     PF denies each and every allegation contained in paragraph 21 of the Complaint, except admits that OxyContin is, and has been, marketed for permissible indications approved by the FDA.

22.     PF denies each and every allegation contained in paragraph 22 of the Complaint, except admits that high opioid prescribers were among the doctors upon whom some sales representatives called.

23.     PF denies each and every allegation contained in paragraph 23 of the Complaint, except admits that the number of sales representatives promoting OxyContin increased over certain years, and that aspects of the marketing and promotion of OxyContin evolved over time.

24.     PF denies each and every allegation contained in paragraph 24 of the Complaint, except admits that since OxyContin's approval for sale, the number of prescriptions and sales of OxyContin have increased for certain years in comparison with prior years. PF further admits that for some years the rate of growth in prescriptions for cancer pain has outpaced the rate of growth in prescriptions for non-cancer pain.

25.     PF denies each and every allegation contained in paragraph 25 of the Complaint, except admits that the active ingredient in OxyContin is oxycodone hydrochloride, that OxyContin is an opioid pain reliever with an abuse liability similar to morphine, and that other

5

oxycodone combination pain relief drugs, including Percocet, Percodan and Tylox, also contain oxycodone hydrochloride.

26.     PF denies each and every allegation contained in paragraph 26 of the Complaint, except states that certain strengths of OxyContin may contain more oxycodone than some other oxycodone-containing drugs.  PF further states that the package insert for OxyContin approved by the FDA speaks for itself as to its content.

27.     PF denies each and every allegation contained in paragraph 27 of the Complaint, except admits that OxyContin was available initially in 10 mg., 20 mg., and 40 mg. tablets; that in 1997 OxyContin 80 mg. tablets became available; that, in July 2000, OxyContin 160 mg. tablets became available; and that in May 2001, shipments of OxyContin 160 mg. tablets were voluntarily suspended.  PF further admits that, as set forth in the package insert for OxyContin, 80 mg. and 160 mg. tablets are for use in opioid tolerant patients only.

28.     PF denies each and every allegation contained in paragraph 28 of the Complaint, except states that annual factory sales of OxyContin in the United States increased after 1996 and through 2002, that factory sales for OxyContin in the years 2001 and 2002 exceeded 1 billion dollars and, upon information and belief, that the number of prescriptions written in the years 2001 and 2002 approximated seven million.

29.     PF denies each and every allegation contained in paragraph 29 of the Complaint.

6

30.    PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint, but in response to the allegations contained therein characterizing the content of the original package insert for OxyContin, states that such package insert speaks for itself as to its content.

31.    PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

32.    PF denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Purdue Pharma L.P. received letters from the FDA with respect to advertisements in medical journals for OxyContin, which letters, as well as the advertisements which were the subjects thereof, speak for themselves as to their content.

33.    PF denies each and every allegation contained in paragraph 33 of the Complaint, and states that OxyContin is, and generally has been, marketed in accordance with the FDA-approved package insert for OxyContin, which speaks for itself as to its content, except that, prior to July 2001, some employees made, or told other employees to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

NY2 - 472154.08

34.    PF denies each and every allegation contained in paragraph 34 of the Complaint, except states that risks from the use of OxyContin are described in the package insert for OxyContin, which speaks for itself as to its content.  PF further states that OxyContin is, and generally has been, marketed in accordance with the package insert for OxyContin, except that prior to July 2001, some employees made, or told other employees to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

## AS TO CLASS ALLEGATIONS

35.    PF denies each and every allegation contained in paragraph 35 of the Complaint, except admits that plaintiffs purport to bring this action as a class action, and to define a putative class, but denies that plaintiffs' claims are the proper subject of class certification and specifically denies that plaintiffs are entitled to any relief whatsoever.

36.    PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 36 of the Complaint, except states, upon information and belief, that the number of prescriptions of OxyContin for certain years has approximated seven million.  The second and third sentences of paragraph 36 contain plaintiffs' characterization of their claims, to which no answer is required; to the extent an answer is required, PF denies each and every allegation contained therein, except admits that

8

plaintiffs purport to bring this action as a class action, but denies that plaintiffs' claims are the proper subject of class certification.

37.    PF denies each and every allegation contained in paragraph 37 of the Complaint, except admits that plaintiffs purport to bring this action as a class action, but denies that plaintiffs' claims are the proper subject of class certification.

38.    PF denies each and every allegation contained in paragraph 38 of the Complaint, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the experience and qualifications of plaintiffs' counsel.  Further, PF admits that plaintiffs purport to bring this action as a class action, but denies that plaintiff's claims are the proper subject of class certification.

39.    PF denies each and every allegation contained in paragraph 39 of the Complaint, except admits that plaintiffs purport to bring this action as a class action, but denies that plaintiffs' claims are the proper subject of class certification.

40.    PF denies each and every allegation contained in paragraph 40 of the Complaint, except admits that plaintiffs purport to bring this action as a class action, but denies that plaintiffs' claims are the proper subject of class certification.

41.    PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

NY2 - 472154.08

## AS TO COUNT I

42.     PF repeats and realleges its responses to paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43.     PF states that Paragraph 43 of the Complaint alleges a legal conclusion to which no answer is required.

44.     PF denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 44 of the Complaint concerning the fact or purposes of the alleged purchases of OxyContin.  PF otherwise denies the allegations contained in paragraph 44 on the grounds that they allege a legal conclusion, to which no answer is required.

45.     PF admits that plaintiffs, in paragraph 45 of the Complaint, purport to set forth an excerpt from the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-3, and states that such statute speaks for itself as to its content.

46.     PF admits that plaintiffs, in paragraph 46 of the Complaint, purport to set forth an excerpt from the UTPCPL, 73 Pa. Cons. Stat. § 201-2, and states that such statute speaks for itself as to its content.

47.     PF denies each and every allegation contained in paragraph 47 of the Complaint, except states that, prior to July 2001, some employees made, or told other employees to make,

10

certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

48.    PF denies each and every allegation contained in paragraph 48 of the Complaint.

49.    PF denies each and every allegation contained in paragraph 49 of the Complaint.

50.    PF denies each and every allegation contained in paragraph 50 of the Complaint.

51.    PF denies each and every allegation contained in paragraph 51 of the Complaint.

52.    PF denies each and every allegation contained in paragraph 52 of the Complaint, and specifically denies that plaintiffs (and the putative class members) are entitled to any relief whatsoever.

In response to the WHEREFORE clause located on pages 15 and 16 of the Complaint, PF admits that plaintiffs purport to bring this action as a class action, but denies that plaintiffs' claims are the proper subject of class certification and specifically denies that plaintiffs (and the putative class members) are entitled to any relief whatsoever.

## AS TO COUNT II

53.    PF repeats and realleges its responses to paragraphs 1 through 52 of the Complaint, as if fully set forth herein.

NY2 - 472154.08

54.    PF denies each and every allegation contained in paragraph 54 of the Complaint, except admits that PF and Purdue Pharma L.P. were or are engaged in the manufacture, sale or distribution of OxyContin.

55.    PF denies each and every allegation contained in paragraph 55 of the Complaint.

56.    PF denies each and every allegation contained in paragraph 56 of the Complaint, except states that a Plea Agreement was signed by PF in May 2007, which speaks for itself as to its content.

57.    PF denies each and every allegation contained in paragraph 57 of the Complaint.

58.    PF denies each and every allegation contained in paragraph 58 of the Complaint, and specifically denies that plaintiffs (and the putative class members) are entitled to any relief whatsoever.

In response to the WHEREFORE clause located on pages 17 and 18 of the Complaint, PF admits that plaintiffs purport to bring this action as a class action, but denies that plaintiffs' claims are the proper subject of class certification and specifically denies that plaintiffs (and the putative class members) are entitled to any relief whatsoever.

## AS TO COUNT III

59.    PF repeats and realleges its responses to paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

12

60.     PF denies each and every allegation contained in paragraph 60 of the Complaint.

61.     PF denies each and every allegation contained in paragraph 61 of the Complaint, except states that risks from the use of OxyContin are described in the package insert for OxyContin, which speaks for itself as to its content.

62.     PF denies each and every allegation contained in paragraph 62 of the Complaint.

63.     PF states that paragraph 63 of the Complaint alleges conclusions of law to which no answer is required.

64.     PF denies each and every allegation contained in paragraph 64 of the Complaint.

In response to the WHEREFORE clause located on page 19 of the Complaint, PF admits that plaintiffs purport to bring this action as a class action, but denies that plaintiffs' claims are the proper subject of class certification and specifically denies that plaintiffs (and the putative class members) are entitled to any relief whatsoever.

## AS TO COUNT IV

65.     PF repeats and realleges its responses to paragraphs 1 through 64 of the Complaint, as if fully set forth herein.

66.     PF denies each and every allegation contained in paragraph 66 of the Complaint, except states that to the extent PF owed a duty to any person(s), it exercised reasonable care in the performance of such duty.

13

67.    PF denies each and every allegation contained in paragraph 67 of the Complaint, and states that OxyContin is, and generally has been, marketed for a variety of pain conditions in accordance with the package insert for OxyContin, which speaks for itself as to its content, except that, prior to July 2001, some employees made, or told other employees to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

68.    PF denies each and every allegation contained in paragraph 68 of the Complaint.

In response to the WHEREFORE clause located on pages 20 and 21 of the Complaint, PF admits that plaintiffs purport to bring this action as a class action, but denies that plaintiffs' claims are the proper subject of class certification and specifically denies that plaintiffs (and the putative class members) are entitled to any relief whatsoever.

## AS TO COUNT V

69.    PF repeats and realleges its responses to paragraphs 1 through 68 of the Complaint, as if fully set forth herein.

70.    PF denies each and every allegation contained in paragraph 70 of the Complaint, and states that OxyContin is, and generally has been, marketed for a variety of pain conditions

NY2 - 472154.08

in accordance with the package insert for OxyContin, which speaks for itself as to its content, except that, prior to July 2001, some employees made, or told other employees to make, certain statements about OxyContin to some healthcare professionals that were inconsistent with the package insert for OxyContin and the express warnings it contained about risks associated with the medicine, which statements violated written company policies requiring adherence to the prescribing information.

71.    PF denies each and every allegation contained in paragraph 71 of the Complaint.

72.    PF denies each and every allegation contained in paragraph 72 of the Complaint.

In response to the WHEREFORE clause located on page 22 of the Complaint, PF admits that plaintiffs purport to bring this action as a class action, but denies that plaintiffs' claims are the proper subject of class certification and specifically denies that plaintiffs (and the putative class members) are entitled to any relief whatsoever.

PF denies each and every allegation in the Complaint not heretofore specifically admitted.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

This Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs (and the putative class members) lack standing to assert some or all of the claims asserted in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, on the ground of remoteness.

## FOURTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by plaintiffs (and the putative class members) were caused, in whole or in part, by actions or omissions of others for whose conduct PF is not responsible.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, to the extent that the proximate cause of any alleged injury was plaintiffs' (and the putative class members') members'/retirees' choice to use, misuse, or abuse OxyContin in a manner other than that recommended.  The intervening or superseding cause of any injury allegedly sustained by plaintiffs' (and the putative class members') accordingly would be plaintiffs' (and the putative class members') members'/retirees' own conduct.

16

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, by the doctrine of assumption of risk.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') causes of action and claims may not properly be maintained or certified as a class action.

## NINTH AFFIRMATIVE DEFENSE

The certification of this action as a class action would violate PF's right to a separate jury trial on the issue of liability as provided in the Seventh Amendment to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

The product at issue, OxyContin, was approved pursuant to the applicable statutes and regulations.  The labeling for OxyContin was also approved by the FDA.  Such actions and

17

federal regulations and statutes preempt plaintiffs' (and the putative class members') claims under state law.

## ELEVENTH AFFIRMATIVE DEFENSE

The doctrine of primary jurisdiction bars the claims of plaintiffs (and the putative class members).  The FDA has primary jurisdiction over the issues raised in the Complaint. The FDA, pursuant to federal law, has exclusive regulatory control of products such as the product at issue here.  Therefore, this Court should defer any consideration of the issues raised in the Complaint which are properly within the purview of the FDA and refer such issues to that agency for determination.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, by the contributory and comparative negligence of plaintiffs' (and the putative class members') members/retirees.

NY2 - 472154.08

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') recovery is barred, in whole or in part, to the extent that plaintiffs (and the putative class members') or plaintiffs' (and the putative class members') members/retirees failed to mitigate the alleged injuries or damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, to the extent that plaintiffs' (and the putative class members') members/retirees consented to the acts alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's (and the putative class members') claims are barred to the extent that those claims are based on an alleged duty to warn of risks associated with the use of OxyContin, inasmuch as plaintiffs' (and the putative class members') members/retirees were warned or were otherwise made aware of alleged dangers of the product, and further, any such alleged dangers were not beyond that which would have been contemplated by the ordinary consumer of the product with the ordinary knowledge common to the community.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, because the design, inspection, packaging, and/or labeling of OxyContin are, and have always

19

been, consistent with the generally recognized technological, medical, scientific, and industrial state-of-the art.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred because statements, promotions, and advertisements of OxyContin are protected by the First Amendment of the United States Constitution and the correlative provisions of the Pennsylvania Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs (and the putative class members) are barred from recovering any damages by virtue of the fact that the dangers, if any, claimed by plaintiffs (and the putative class members) were open and obvious.

### TWENTIETH AFFIRMATIVE DEFENSE

If the product allegedly involved in this action was defective or unreasonably dangerous, which PF denies, plaintiffs' (and the putative class members') members/retirees were aware thereof and unreasonably proceeded to make use of the product in that condition.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

PF states that all OxyContin lawfully sold or distributed in the United States carries warnings which adequately informed plaintiffs' (and the putative class members') members/retirees of any alleged health risks of using OxyContin.

20

### TWENTY-SECOND AFFIRMATIVE DEFENSE

PF states that plaintiffs and plaintiffs' (and the putative class members') members/retirees did not justifiably rely on the activities attributed by plaintiffs to PF in the Complaint, and that any injuries or damages complained of in the Complaint were not caused by PF's alleged actions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members) claimed damages are too speculative to form the basis for relief.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred by the learned intermediary doctrine.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs (and the putative class members) are barred from recovering any damages by virtue of the fact that any harm caused by OxyContin was caused by an inherent aspect of the product which could not be eliminated without compromising its usefulness.

NY2 - 472154.08

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, if plaintiffs' (and the putative class members') members/retirees altered OxyContin tablets and ingested them in a manner other than that described in OxyContin's instructions for use.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims are barred, in whole or in part, because plaintiffs (and the putative class members) and plaintiffs' (and the putative class members') members/retirees lack privity with PF.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') claims violate the due process provisions of the United States Constitution and the correlative provisions of the Pennsylvania Constitution to the extent that they seek to deprive PF of the procedural and substantive safeguards, including traditional defenses to liability.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' (and the putative class members') fraud and misrepresentation-based claims are not stated with particularity as required by the applicable rules of civil procedure.

NY2 - 472154.08

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, PF invokes each and every constitutional defense available to it under the constitutions (or similar charters) of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States. This specifically includes, but is not limited to, provisions relating to due process, access to the courts, freedom of speech, freedom of association, freedom to petition the government for redress of grievances, and limitations on damages.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent that the laws of other jurisdictions apply, PF invokes each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

PF reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defense.

NY2 - 472154.08

WHEREFORE, PF respectfully requests that the Court dismiss the Complaint in its entirety with prejudice and award PF its costs and disbursements, including attorneys' fees, incurred in defending this action together with such other relief as this court deems just and proper.

## JURY DEMAND

PF hereby demands a jury trial, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, on all issues triable by a jury.

Dated:  June 14, 2007

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

By:   /s/  Jason A. Snyderman
    Edward F. Mannino (Atty. I.D. #04504)
    David L. Comerford (Atty. I.D. #65969)
    Katherine Menapace (Atty. I.D. #80395)
    Jason Snyderman (Atty. I.D. #80239)
    One Commerce Square
    2005 Market Street, Suite 2200
    Philadelphia, Pennsylvania  19103
    (215) 965-1200

    Attorneys for Defendant
    The Purdue Frederick Company, Inc.

NY2 - 472154.08

## CERTIFICATE OF SERVICE

I, Jason A. Snyderman, hereby certify that on this 14th day of June, 2007, a true and correct copy of Defendant The Purdue Frederick Company, Inc.'s Answer was served upon the following via CM/ECF and U.S. Mail:

Stuart L. Cohen
William D. Marvin
Peter E. Muhic
COHEN PLACITELLA & ROTH
Two Commerce Square
2001 Market Street-Suite 2900
Philadelphia, PA 19103

Deborah R. Willig
Louise F. Pongracz
Willig Williams & Davidson
1845 Walnut Street-24th Floor
Philadelphia, PA 19103

/s/  Jason A. Snyderman