UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
DISTRICT COUNTY 47 HEALTH AND
WELFARE FUND, *et al.*,

Civil Action No. 2:07-cv-01968-RK

v.

PURDUE PHARMA L.P. and THE PURDUE
FREDERICK COMPANY INC.

## ORDER TRANSFERRING THIS ACTION TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1404(a)

Six putative nationwide class actions pending before Judge Sidney Stein in the U.S. Southern District of New York make the same allegations as plaintiffs here, and the putative class in each of those actions subsumes the putative class here. *See County of Suffolk, New York v. Purdue Pharma, L.P.*, No. 04-651 (S.D.N.Y. filed Jan. 27, 2004); *Louisiana Health Serv. Indemn. Co. v. Purdue Pharma L.P.*, No. 04-1212 (S.D.N.Y. filed Feb. 13, 2004); *United Federation of Teachers Welfare Fund v. Purdue Pharma L.P.*, No. 04-1808 (S.D.N.Y. filed Mar. 5, 2004); *Whittle v. Purdue Pharma L.P.*, No. 04-2089 (S.D.N.Y. filed Mar. 16, 2004); *Local 1199 Nat'l Benefit Fund for Health & Human Servs. Employees v. Purdue Pharma L.P.*, No. 04-3093 (S.D.N.Y. filed Apr. 22, 2004); *New Mexico UFCW Union's and Employers' Health & Welfare Trust Fund v. Purdue Pharma L.P.*, No. 07-6916 (S.D.N.Y. filed Aug. 1, 2007). Accordingly, this action is transferred to the U.S. District Court for the Southern District of New York "in the interest of justice," 28 U.S.C. § 1404(a), for centralization with the related cases pending before Judge Stein. *See Schiller-Pfeiffer, Inc. v. Country Home Prods., Inc.*, No. 04-CV-1444, 2004 WL 2755585, at *8 (E.D. Pa. Dec. 1, 2004); *Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*, No. 03-3185, 2003 WL 22358439, at *5 (E.D. Pa. Sept. 10, 2003);

*Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 286 (E.D. Pa. 2001); *Blanning v. Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974).

SIGNED on the _____ day of _____, 2007.

_____
ROBERT F. KELLY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
DISTRICT COUNTY 47 HEALTH AND
WELFARE FUND, *et al.*,

Civil Action No. 2:07-cv-01968-RK

v.

PURDUE PHARMA L.P. and THE PURDUE
FREDERICK COMPANY INC.

### DEFENDANTS' MOTION TO TRANSFER THIS ACTION TO THE SOUTHERN DISTRICT OF NEW YORK

Defendants Purdue Pharma L.P. and The Purdue Frederick Company Inc. ("Purdue") move to transfer this action to the U.S. District Court for the Southern District of New York under 28 U.S.C. § 1404(a). Transfer is warranted by the pendency before Judge Sidney Stein in that District of six putative nationwide class actions making, *inter alia*, the same allegations as plaintiffs here and subsuming the putative class here. Purdue respectfully refers the Court to the attached memorandum of law, exhibits thereto, and proposed order.

                                        Respectfully submitted,

                                        */s/ Jason A. Snyderman*

Of counsel:                            Jason A. Snyderman
                                        AKIN GUMP STRAUSS HAUER
Donald I Strauber                        &amp; FELD LLP
Phoebe A. Wilkinson                 One Commerce Square
Mary T. Yelenick                          2005 Market Street, Suite 2200
CHADBOURNE & PARKE LLP       Philadelphia, PA  19103
30 Rockefeller Plaza                     215-965-1229
New York, NY  10112                 jsnyderman@akingump.com

Timothy C. Hester
Mark H. Lynch
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004

August 2⁸, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
DISTRICT COUNTY 47 HEALTH AND
WELFARE FUND, *et al.*,

                Civil Action No. 2:07-cv-01968-RK

v.

PURDUE PHARMA L.P. and THE PURDUE
FREDERICK COMPANY INC.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
TRANSFER THIS ACTION TO THE SOUTHERN DISTRICT OF NEW YORK**

Plaintiffs filed this action in May 2007 on behalf of a putative class of Pennsylvania third-party payors ("TPPs") alleging "aggressive and fraudulent" marketing of OxyContin by defendants ("Purdue"). Five putative nationwide class actions making the same allegations – and subsuming the putative class here – were filed in the Southern District of New York in 2004 and centralized there before Judge Sidney Stein, and a sixth such case was filed there on August 1, 2007. In those actions, as here, the plaintiffs allege that Purdue improperly expanded its profits from OxyContin by, *inter alia*, misrepresenting the risk of addiction associated with the medication, that the TPPs in the putative class overpaid for OxyContin as a result, and that the TPPs are entitled to recover the alleged overpayments. Dozens of lawsuits seeking similar damages for purported overpayments based on alleged antitrust violations are also pending before Judge Stein.

Under 28 U.S.C. § 1404(a), this action should be transferred to the Southern District of New York. This Court has repeatedly held that the pendency of even one related case in the proposed transferee district is alone sufficient to transfer a case in the interests of justice. Here there are six putative class actions like this one pending before Judge Stein, and he has extensive

knowledge about OxyContin and scientific issues relating to it. Without transfer, parallel class actions involving the same allegations on behalf of the same TPPs could be proceeding in two different courts, threatening duplicative proceedings and inconsistent results.[1]

## BACKGROUND

Attached as Exhibit 1 is the supporting affidavit of Jason A. Snyderman, which sets forth the facts discussed below regarding the OxyContin actions pending before Judge Stein. *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 & n.2 (3d Cir. 1973) (a party seeking transfer under § 1404(a) may satisfy its burden of proof by submitting an affidavit "containing facts that would tend to establish the necessary elements for a transfer").

### A. Federal Court Lawsuits By TPPs Seeking to Recover Alleged Overpayments for OxyContin Are Centralized Before Judge Stein.

OxyContin is a controlled-release oxycodone analgesic approved by the U.S. Food and Drug Administration for the management of moderate to severe pain that lasts for an extended period of time. In January 2004, Judge Stein held that a generic controlled-release oxycodone product infringed Purdue's patents for OxyContin, but that the patents were unenforceable due to inequitable conduct. *Purdue Pharma, L.P. v. Endo Pharms. Inc.*, Nos. 00-8029, 01-2109 & 01-8177, 2004 WL 26523 (S.D.N.Y. Jan. 5, 2004).[2] Following Judge Stein's decision, numerous plaintiffs filed suit against Purdue, alleging that its conduct in procuring and enforcing its

---

[1] Because this action is related to actions in the MDL proceeding pending before Judge Stein, *In re OxyContin Antitrust Litigation*, No. 1603, Purdue is filing a notice of related action with the Judicial Panel on Multidistrict Litigation. *See* J.P.M.L. R. 1.1 & 7.5(e). However, transferring this action under § 1404(a) is more efficient than transferring it under 28 U.S.C. § 1407 because "all actions in this litigation will be in a single district for all purposes and not, as in the case with Section 1407 transfer, for pretrial purposes only." *In re Republic W. Ins. Co. Ins. Coverage Litig.*, 206 F. Supp. 2d 1364, 1365 (J.P.M.L. 2002).

[2] On February 1, 2006, the Federal Circuit affirmed the infringement finding but vacated the finding of inequitable conduct and directed further consideration of that issue. 438 F.3d 1123 (Fed. Cir. 2006).

OxyContin patents violated federal antitrust law or state law analogues. Several of these cases also included allegations of fraudulent marketing and claims under state consumer protection statutes and common law theories of unjust enrichment. Although most of these cases were filed originally in the Southern District of New York, many were brought in other federal and state courts across the country. After an MDL proceeding was established, *In re OxyContin Antitrust Litigation*, No. 1603, roughly a dozen complaints were transferred to the Southern District of New York pursuant to 28 U.S.C. § 1407. Over a dozen other complaints were transferred to that District pursuant to 28 U.S.C. § 1404.

At present, approximately 70 complaints alleging antitrust and other claims relating to OxyContin have been centralized before Judge Stein. Many of these cases are brought on behalf of putative classes that include TPPs – such as union benefit funds like plaintiffs here – that made payments for OxyContin and seek to recover those payments they maintain are attributable to actionable conduct by Purdue.

    **B.**    **Several Putative Class Actions Alleging that Purdue Misrepresented the Risk of Addiction Associated with OxyContin Were Pending in the Southern District of New York Before This Action Was Filed.**

Several of the actions presently pending before Judge Stein include allegations identical to those advanced by plaintiffs in this case: that Purdue caused TPPs to overpay for OxyContin by misrepresenting the risk of addiction associated with the drug. For example, the complaints in five of these actions allege that Purdue's "aggressive and fraudulent" marketing of OxyContin – including "minimiz[ing]" the drug's "dangers and addictiveness" in "materials not approved by the FDA" – caused TPPs to make "overpayments for OxyContin." Compl. ¶¶ 5, 61-64, 76, 85, 94-96, 142, 144, *County of Suffolk, New York v. Purdue Pharma, L.P.*, No. 04-651 (S.D.N.Y. filed Jan. 27, 2004) (Ex. 2); Compl. ¶¶ 5, 61-64, 76, 85, 94-96, 142, 144, *Louisiana Health Serv. Indemn. Co. v. Purdue Pharma L.P.*, No. 04-1212 (S.D.N.Y. filed Feb. 13, 2004) (Ex. 3); Compl.

3

¶¶ 5, 61-64, 76, 85, 94-96, 142, 144 *United Federation of Teachers Welfare Fund v. Purdue Pharma L.P.*, No. 04-1808 (S.D.N.Y. filed Mar. 5, 2004) (Ex. 4); Compl. ¶¶ 5, 61-64, 76, 85, 94-96, 142, 144 *Whittle v. Purdue Pharma L.P.*, No. 04-2089 (S.D.N.Y. filed Mar. 16, 2004) (Ex. 5); Compl. ¶¶ 5, 61-64, 76, 85, 94-96, 142, 144 *Local 1199 Nat'l Benefit Fund for Health & Human Servs. Employees v. Purdue Pharma L.P.*, No. 04-3093 (S.D.N.Y. filed Apr. 22, 2004) (Ex. 6).[3] All of these actions were filed in 2004.

Each of these actions is a putative nationwide class action in which the class is *defined to include the putative class here*. See Ex. 2, *County of Suffolk* Compl. ¶¶ 6, 25 (putative class of all individuals and TPPs in the U.S. that made payments for OxyContin); Ex. 4, *United Federation* Compl. ¶¶ 6, 25 (same); Ex. 5, *Whittle* Compl. ¶¶ 6, 25 (same); Ex. 3, *Louisiana Health* Compl. ¶¶ 6, 25 (putative class of all TPPs that made payments for OxyContin); Ex. 6, *Local 1199* Compl. ¶¶ 6, 25 (same as *Louisiana Health*). In addition to federal antitrust claims, each of the complaints in these actions asserts claims under the various states' consumer protection statutes – including the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-1 *et seq.* – and for unjust enrichment. *See* Exs. 2-6.

A sixth complaint pending in the Southern District of New York on behalf of a putative nationwide class of TPPs also advances claims including those alleged in the present case. The complaint was initially filed in the Southern District of New York on January 17, 2006 (Ex. 8), and was voluntarily dismissed without prejudice four months later, *see* Stipulation of Dismissal, *New Mexico UFCW Union's and Employers' Health & Welfare Trust Fund v. Purdue Pharma*

---

[3] In addition, a separate complaint brought on behalf of the City of New York alleges that "aggressive and fraudulent marketing of OxyContin" by Purdue sales representatives, "coupled with the drug's undisclosed addictiveness," resulted in unjust enrichment of Purdue and "governmental scrutiny." Compl. ¶¶ 66-69, *City of New York v. The Purdue Pharma Co.*, 04-3499 (S.D.N.Y. filed May 6, 2004) (Ex. 7).

4

*L.P.*, No. 06-354 (S.D.N.Y. Apr. 27, 2006) (Ex. 9). On August 1, the *New Mexico UFCW* plaintiff filed a new complaint alleging, as in the initial complaint, that Purdue "aggressively" marketed OxyContin by concealing the drug's "extraordinary potential for abuse" and promoting it for "all types of pain, including minor pain," and asserting that all TPPs in the U.S. are entitled to recover their alleged overpayments for the drug under the various state consumer protection statutes (including the UTPCPL) and the doctrine of unjust enrichment. Compl. ¶¶ 29, 35, 113-71, *New Mexico UFCW Union's and Employers' Health & Welfare Trust Fund v. Purdue Pharma L.P.*, No. 07-6916 (S.D.N.Y. filed Aug. 1, 2007) (Ex. 10). The new complaint also adds allegations reflecting the guilty plea to misbranding in the Western District of Virginia by defendant The Purdue Frederick Company and three current or former Purdue executives. *Id.* ¶¶ 49-61.

### C.    Plaintiffs' Claims Here Mirror Those in the Putative Class Actions Previously Filed on Behalf of TPPs in the Southern District of New York.

Plaintiffs in this case allege that Purdue "intentionally misrepresented" and "concealed" the "dangerous nature of OxyContin," especially its "potential for abuse and addiction." (Compl. ¶¶ 19, 47.) They also allege that Purdue marketed OxyContin for "non-medically necessary uses," asserting that such uses include "the treatment of moderate pain." (*Id.* ¶¶ 19-20.) Plaintiffs contend that Purdue's allegedly misleading marketing caused them and "all other Third-Party Payors" with offices or beneficiaries in Pennsylvania "to purchase or reimburse for excessive purchases of OxyContin." (*Id.* ¶¶ 19, 35, 47-48.) Plaintiffs' asserted causes of action include claims under the UTPCPL (*id.* ¶¶ 42-52) and for unjust enrichment (*id.* ¶¶ 53-58). The putative class in this case, the claims asserted, and the remedies sought are subsumed entirely by the six similar putative class actions pending in the Southern District of New York.

5

## ARGUMENT

I. THE INTERESTS OF JUSTICE FAVOR TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK.

This action should be transferred to the Southern District of New York "in the interest of justice." 28 U.S.C. § 1404(a).[4] "The interests of justice consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way." *Resource Bank v. Progressive Cas. Ins. Co.*, Civ. A. No. 06-1699, 2007 WL 136320, at *3 (E.D. Pa. Jan. 11, 2007) (internal quotation marks omitted). The Third Circuit has said that "there is no definitive formula or list of the factors to consider" when determining whether the moving party has satisfied its burden of showing that transfer is appropriate. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). Here, however, this Court's rulings show that it is only necessary to consider one factor: the pendency before Judge Stein of six class actions asserting the same allegations as the Complaint, each on behalf of a putative class that encompasses the Pennsylvania TPPs on whose behalf plaintiffs purport to sue.

This Court has repeatedly recognized that "[t]he presence of . . . related cases in the transferee forum is a substantial reason to grant a change of venue" because "[t]he interests of justice and the convenience of the parties and witnesses are ill-served when federal cases arising out of the same circumstances and dealing with the same issues are allowed to proceed separately." *Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*, No. 03-3185, 2003 WL 22358439, at *5 (E.D. Pa. Sept. 10, 2003) (internal quotation marks omitted). Indeed, "courts in

---

[4] The threshold requirement under § 1404(a) is that the transferee forum would have been a proper initial venue. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). That requirement is met here. Defendants' regular business activities subject them to personal jurisdiction in the Southern District of New York and, because they are corporations, they are "deemed to reside" there for venue purposes. 28 U.S.C. § 1391.

6

this District have concluded that *this factor alone is sufficient to warrant a transfer*." *Schiller-Pfeiffer, Inc. v. Country Home Prods., Inc.*, No. 04-CV-1444, 2004 WL 2755585, at *8 (E.D. Pa. Dec. 1, 2004) (emphasis added). Further, this Court has consistently held that "this consideration – of a related case in the transferee forum – *is sufficient to tilt the balance* in favor of transfer *even when the convenience of parties and witnesses would favor a denial* of a transfer motion." *Southampton Sports Zone*, 2003 WL 22358439, at *5 (emphases added); *Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 286 (E.D. Pa. 2001); *see also Blanning v. Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974) ("[I]f only the convenience of the parties and witnesses were at issue, I would deny the motion to transfer the action to New York. However, the pendency of what appears to be a related case in New York tilts the balance in the opposite direction." ).[5]

The U.S. Supreme Court has emphasized that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). This concern is heightened here because not just one but six putative class actions making similar allegations had been filed in the Southern District of New York before this action was filed. Under these circumstances, it is clear that the actions filed in that District have priority and that this action should be transferred there. *See E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) ("'In all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'") (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)).

---

[5] Moreover, transfer of this case would not materially affect the parties' and witnesses' convenience because Philadelphia and New York are relatively close to one another. *Blanning*, 378 F. Supp. at 1060 ("tak[ing] judicial notice of the comparatively short distance and the rapid, efficient transit between Philadelphia and New York" and holding that transfer would not meaningfully affect the parties' and witnesses' convenience).

7

## II. PLAINTIFFS' CHOICE OF FORUM DESERVES NO DEFERENCE HERE.

Plaintiffs' choice of forum deserves no deference because this is a putative class action and the proposed class is subsumed within the earlier-filed actions in the Southern District of New York. In cases where an individual plaintiff alleges a unique injury, his choice of forum generally deserves deference. "But where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the [same] cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). For this reason, this Court recently held that the plaintiffs' choice of forum "d[id] not weigh against transfer" in a putative class action "arising out of allegedly improper marketing" of a consumer product. *Simmens v. Coca Cola Co.*, Civ. A. No. 07-668, 2007 WL 2007977, at *1, *3 (E.D. Pa. July 5, 2007). The Court emphasized that "the purported class [was] largely coextensive with that named in a class action pending in the transferee district," and determined that the presence of a "Pennsylvania subclass and Pennsylvania state law claims [were] not sufficient to weigh against transfer." *Id.* at *3-4. The same is true here.

Finally, that plaintiffs' attorneys are located in Philadelphia is irrelevant because "the convenience of the litigating attorneys should not be considered in evaluating transfer of venue." *Weber*, 155 F. Supp. 2d at 285; *see also Lifescan, Inc. v. Polymer Tech. Int'l Corp.*, No. Civ. A. 93-6983, 1994 WL 161375, at *4 (E.D. Pa. Apr. 28, 1994) ("This Court has held that the location of counsel is not a factor to consider when deciding whether to transfer venue pursuant to section 1404(a)."); *L.C. Baron, Inc. v. H.G. Caspari, Inc.*, 678 F. Supp. 100, 103 (E.D. Pa. 1987) ("Inconvenience of counsel is not to be considered.").

## CONCLUSION

For the foregoing reasons, this action should be transferred to the Southern District of New York under § 1404(a).

                                                          Respectfully submitted,

Of counsel:                                         Jason A. Snyderman
                                                     AKIN GUMP STRAUSS HAUER

Donald I Strauber                                     &FELD LLP
Phoebe A. Wilkinson                            One Commerce Square
Mary T. Yelenick                                    2005 Market Street, Suite 2200
CHADBOURNE & PARKE LLP              Philadelphia, PA  19103
30 Rockefeller Plaza                              215-965-1229
New York, NY  10112                           jsnyderman@akingump.com

Timothy C. Hester
Mark H. Lynch
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004


August 20, 2007

**CERTIFICATE OF SERVICE**

    I, Jason A. Snyderman, hereby certify that on this 20th day of August, 2007, a true and correct copy of Defendants' Motion To Transfer This Action To The Southern District Of New York was served upon the following via CM/ECF and U.S. Mail:

Stuart L. Cohen
William D. Marvin
Peter E. Muhic
COHEN PLACITELLA & ROTH
Two Commerce Square
2001 Market Street-Suite 2900
Philadelphia, PA 19103

Deborah R. Willig
Louise F. Pongracz
Willig Williams & Davidson
1845 Walnut Street-24th Floor
Philadelphia, PA 19103

/s/ Jason A. Snyderman