# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
DISTRICT COUNTY 47 HEALTH AND
WELFARE FUND, *et al.*,

v.

PURDUE PHARMA L.P. and THE PURDUE
FREDERICK COMPANY INC.

Civil Action No. 2:07-cv-01968-RK

## AFFIDAVIT OF JASON A. SNYDERMAN IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER THIS ACTION TO THE SOUTHERN DISTRICT OF NEW YORK

1. I am counsel in the law firm of Akin Gump Strauss Hauer & Feld LLP, a member in good standing of the Bar of the Commonwealth of Pennsylvania, and counsel of record for defendants Purdue Pharma L.P. and The Purdue Frederick Company Inc. ("Purdue"). My business address is One Commerce Square, 2005 Market Street, Suite 2200, Philadelphia, PA 19103. I am fully familiar with the facts set forth herein.

2. I am submitting this affidavit in support of Purdue's motion to transfer this action to the U.S. District Court for the Southern District of New York.

3. My firm is one of the law firms representing Purdue in litigation relating to OxyContin, a controlled-release oxycodone analgesic approved by the U.S. Food and Drug Administration for the management of moderate to severe pain that lasts for an extended period of time.

4. In January 2004, Judge Sidney Stein of the Southern District of New York held that a generic controlled-release oxycodone product infringed Purdue's patents for OxyContin, but that the patents were unenforceable due to inequitable conduct. *Purdue Pharma, L.P. v. Endo Pharms. Inc.*, Nos. 00-8029, 01-2109 & 01-8177, 2004 WL 26523 (S.D.N.Y. Jan. 5,

2004). On February 1, 2006, the Federal Circuit affirmed the infringement finding but vacated the finding of inequitable conduct and directed further consideration of that issue. 438 F.3d 1123 (Fed. Cir. 2006).

5. Following Judge Stein's decision, numerous plaintiffs filed suit against Purdue, alleging that its conduct in procuring and enforcing its OxyContin patents violated federal antitrust law or state law analogues. Several of these cases also included allegations of fraudulent marketing and claims under state consumer protection statutes and common law theories of unjust enrichment.

6. Although most of these cases were filed originally in the Southern District of New York, many were brought in other federal and state courts across the country. After an MDL proceeding was established, *In re OxyContin Antitrust Litigation*, No. 1603, roughly a dozen complaints were transferred to the Southern District of New York under 28 U.S.C. § 1407. Over a dozen other complaints were transferred to that District under 28 U.S.C. § 1404.

7. At present, approximately 70 complaints alleging antitrust and other claims relating to OxyContin have been centralized before Judge Stein. Many of these cases are brought on behalf of putative classes that include third-party payors ("TPPs") – such as union benefit funds – that made payments for OxyContin and seek to recover the portions of those payments they maintain are attributable to actionable conduct by Purdue.

8. The court filings discussed below are attached as exhibits to defendants' motion to transfer this action to the Southern District of New York.

9. Several of the actions presently pending before Judge Stein include allegations that Purdue caused TPPs to overpay for OxyContin by misrepresenting the risk of addiction associated with the medication. For example, the complaints in five of these actions

2

allege that Purdue's "aggressive and fraudulent" marketing of OxyContin – including "minimiz[ing]" the drug's "dangers and addictiveness" in "materials not approved by the FDA" – caused TPPs to make "overpayments for OxyContin." Compl. ¶¶ 5, 61-64, 76, 85, 94-96, 142, 144, *County of Suffolk, New York v. Purdue Pharma, L.P.*, No. 04-651 (S.D.N.Y. filed Jan. 27, 2004); *see also* Compl. ¶¶ 5, 61-64, 76, 85, 94-96, 142, 144, *Louisiana Health Serv. Indemn. Co. v. Purdue Pharma L.P.*, No. 04-1212 (S.D.N.Y. filed Feb. 13, 2004); Compl. ¶¶ 5, 61-64, 76, 85, 94-96, *United Federation of Teachers Welfare Fund v. Purdue Pharma L.P.*, No. 04-1808 (S.D.N.Y. filed Mar. 5, 2004); Compl. ¶¶ 5, 61-64, 76, 85, 94-96, 142, 144 *Whittle v. Purdue Pharma L.P.*, No. 04-2089 (S.D.N.Y. filed Mar. 16, 2004); Compl. ¶¶ 5, 61-64, 76, 85, 94-96, 142, 144 *Local 1199 Nat'l Benefit Fund for Health & Human Servs. Employees v. Purdue Pharma L.P.*, No. 04-3093 (S.D.N.Y. filed Apr. 22, 2004). All of these actions were filed in 2004.

10. Each of these actions is a putative nationwide class action in which the class is *defined to include the putative class here. See County of Suffolk* Compl. ¶¶ 6, 25 (putative class of all individuals and TPPs in the U.S. that made payments for OxyContin); *United Federation* Compl. ¶¶ 6, 25 (same); *Whittle* Compl. ¶¶ 6, 25 (same); *Louisiana Health* Compl. ¶¶ 6, 25 (putative class of all TPPs that made payments for OxyContin); *Local 1199* Compl. ¶¶ 6, 25 (same as *Louisiana Health*). In addition to federal antitrust claims, each of the complaints in these actions asserts claims under the various states' consumer protection statutes – including the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"), 73 Pa. Cons. Stat. § 201-1 *et seq.* – and for unjust enrichment.

11. A sixth complaint pending in the Southern District of New York on behalf of a putative nationwide class of TPPs also advances claims including those alleged in the

3

present case. The complaint was initially filed in the Southern District of New York on January 17, 2006, and was voluntarily dismissed without prejudice four months later, see Stipulation of Dismissal, *New Mexico UFCW Union's and Employers' Health & Welfare Trust Fund v. Purdue Pharma L.P.*, No. 06-354 (S.D.N.Y. Apr. 27, 2006).

12.     On August 1, the plaintiff in the *New Mexico UFCW* case filed a new complaint alleging, as in the initial complaint, that Purdue "aggressively" marketed OxyContin by concealing the drug's "extraordinary potential for abuse" and promoting it for "all types of pain, including minor pain," and asserting that all TPPs in the U.S. are entitled to recover their alleged overpayments for the drug under the various state consumer protection statutes (including the UTPCPL) and the doctrine of unjust enrichment. Compl. ¶¶ 29, 35, 113-71, *New Mexico UFCW Union's and Employers' Health & Welfare Trust Fund v. Purdue Pharma L.P.*, No. 07-6916 (S.D.N.Y. filed Aug. 1, 2007). The new complaint also adds allegations reflecting the guilty plea to misbranding in the Western District of Virginia by defendant The Purdue Frederick Company and three current or former Purdue executives. *Id.* ¶¶ 49-61.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____
Jason A. Snyderman

SUBSCRIBED AND SWORN TO before me
this 20th day of August, 2007.

_____
NOTARY PUBLIC

My Commission Expires:

Commonwealth of Pennsylvania
NOTARIAL SEAL
HELENE GABEL, Notary Public
City of Philadelphia, County of Philadelphia
My Commission Expires April 2, 2010

4