UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 47 HEALTH AND WELFARE FUND, et al<br><br>v.<br><br>PURDUE PHARMA L.P.<br>    and<br>THE PURDUE FREDERICK COMPANY INC. | CIVIL ACTION<br><br><br><br>No. 07-1968-RK<br><br><br><br>HON. ROBERT F. KELLY, J. |

**O R D E R**

AND NOW, this _____ day of _____, 2007, upon consideration of Defendants' Motion to Transfer, and Plaintiff's response thereto, it is hereby ORDERED that said Motion is GRANTED in part.  The Court finds that action is related to an action pending in the United States District Court for the Southern District of New York, *New Mexico UFCW Fund v. Purdue Pharma L.P.*, Number 07-6916.  Accordingly, this action is transferred to that Court "in the interest of justice," 28 U.S.C. § 1404(a).

The Court notes that the defendants contend that this action is also related to several class actions pending before the Honorable Sidney Stein in connection with the OxyContin antitrust and patent multidistrict litigation.  On the other hand, the plaintiff contends that this action is not related to the antitrust or patent cases, but rather is related to the *New Mexico UCFW* action, which has been assigned to Honorable John G.

Koeltl. This Court concludes that the determination of the appropriate judicial assignment for this matter should be made in the first instance by the transferee court in the Southern District of New York.

          BY THE COURT:

          _____
          ROBERT F. KELLY, J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 47 HEALTH AND WELFARE FUND, et al<br><br>v.<br><br>PURDUE PHARMA L.P.<br>    and<br>THE PURDUE FREDERICK COMPANY INC. | CIVIL ACTION<br><br><br><br>No. 07-1968-RK<br><br><br><br>HON. ROBERT F. KELLY, J. |

### PLAINTIFF'S ANSWER TO
### DEFENDANT'S MOTION TO TRANSFER

Plaintiff does not oppose the defendants' Motion to Transfer this Action to the Southern District of New York, to the extent it asks that this action be transferred to the New York Court.  However, Plaintiff disagrees with Purdue's claim that this case is related to antitrust class actions arising from alleged patent violations.

Instead, this case arises from Purdue's criminal conduct in overpromoting Oxycontin and concealing its dangers.  The related case in the New York Court is the *New Mexico UFCW Fund v. Purdue Pharma L.P.* case.  Under these circumstances, the designation and assignment of this case should be left to the New York District Court, as the transferee court receiving the case.  The proposed Order so provides.

WHEREFORE, plaintiff requests that Defendant's Motion to Transfer be GRANTED in part.

                                          Respectfully submitted,

                                          _____
                                          WILLIAM D. MARVIN, ESQUIRE
                                          Attorney for Plaintiff

COHEN, PLACITELLA & ROTH, P.C.
Attorney ID# 34265
Two Commerce Square
2001 Market St., Suite 2900
Philadelphia, PA  19103
(215) 567-3500

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 47 HEALTH AND WELFARE FUND, et al<br><br>v.<br><br>PURDUE PHARMA L.P.<br>          and<br>THE PURDUE FREDERICK COMPANY INC. | CIVIL ACTION<br><br><br><br>No. 07-1968-RK<br><br><br>HON. ROBERT F. KELLY, J. |

**MEMORANDUM OF LAW**

**I. INTRODUCTION**

    Plaintiff agrees that this action should be transferred to the Southern District of New York.  However, plaintiff denies that this case is related to any cases other than the *New Mexico UCFW* matter, which is before Judge Koeltl, not Judge Stein.  The New York court should determine the proper judicial assignment.

**II. OVERPROMOTION CASES ARE NOT RELATED TO PATENT ANTITRUST LITIGATION**

    The present lawsuit has nothing to do with the patent and antitrust issues.  Instead, it arises from Purdue's marketing practices, that caused undue demand for the product and concealed risks of addiction and abuse.  These claims parallel the allegations made in the *New Mexico UCFW* action.

    The primary fact supporting that distinction may not have been known to defendants when they filed their Motion to

Transfer:[1] the *New Mexico UCFW* case is <u>not</u> assigned to Judge Stein. Instead, on August 6, 2007, Judge Stein granted the application of plaintiff's counsel to remove the case from his calendar, and placed it for random assignment to another judge. [Exhibit A].

Thereafter, on August 8, 2007, the Southern District Court assigned the case to Judge John G. Koeltl. [Docket entries, Exhibit B].

To illustrate the difference between the sets of cases, the Complaints attached as defendants' Exhibits 2 through 6 are virtually identical, opening with the summary allegation:

> This litigation arises from a series of actions undertaken by defendants Purdue Pharma . . . to unlawfully obtain and maintain their monopoly on controlled-release oxycodone hydrochloride prescription tablets ("oxycodone hydrochloride").

The plain language of those Complaints show that their central claim is utterly dependent on the theory of the patent violation. (In fact, administratively, those actions have been stayed pending resolution of the underlying patent case].

---

[1] Just as plaintiff's counsel was preparing to file this Answer, defendant filed a Supplement to its Motion, acknowledging this procedural fact. Defendant attempts to discount Judge Stein's action as "ministerial," states that it still wants this case assigned to Judge Stein, and indicates that it will seek re-reassignment of the New Mexico UFCW case back to  in the New York Court.
   Defendant's new arguments do not change anything. Manifestly, given that all parties agree that a transfer to the Southern District of New York is warranted, that Court is in the best position to evaluate the nature of the claims in the respective cases, and to determine how they may best be managed.

In contrast, the Complaint in the present case does not mention the patent issues at all. It states:

> The claims in this action arise from the defendants' marketing and promotion of OxyContin, a controlled-release form of a Schedule II narcotic drug manufactured by defendant Purdue Pharma L.P. Purdue began selling OxyContin in 1995, for the treatment of moderate-to-severe pain lasting more than a few days.

Complaint, ¶ 10. Similarly, the recent *New Mexico UFCW* Complaint does not rely on any patent violation. It opens with this allegation:

> 1. From 1995 through at least the filing of this Complaint, Defendants created and implemented an unfair and deceptive scheme and conspiracy involving the "off-label" marketing, promotion and sales of prescription drug oxycodone hydrochloride, marketed, promoted and sold as OxyContin® (hereinafter referred to as "OxyContin"), which scheme and conspiracy was designed to increase substantially the prescription and sale of OxyContin, which had been designed and approved for use only by terminal cancer patients and those suffering from moderate to severe, chronic pain.

[Motion to Transfer, Exhibit 10].

Plaintiffs do not oppose the Motion to Transfer, but such a transfer should not address the judicial assignment in the New York Court. There are two different class action litigations regarding OxyContin pending in the SDNY, a group of antitrust class actions pending before Judge Stein (which the moving defendants assert are similar to this case) and a non-antitrust class action pending before Judge Koeltl (based on the same off-label marketing practices that are at issue in this case, and which defendants acknowledge is related to this case). Judge

Stein has already declined to consolidate the off-label case with the antitrust cases.

In any event, this Court need not address which Judge in should preside over this case as the transferee judge. Once the case is transferred to the Southern District of New York, that Court, with the assistance of the parties as appropriate, can determine which judge will handle the case, along with any other administrative matters.

### III. CONCLUSION

Plaintiff requests that the Defendant's Motion be granted in part, for the reasons stated above. This case should be transferred to the Southern District of New York, which will be in the best position to make an administrative determination as to judicial assignment. A suggested form of Order is attached.

                                        Respectfully submitted,

                                        _____
                                        WILLIAM D. MARVIN, ESQUIRE
                                        Attorney for Plaintiff

COHEN, PLACITELLA & ROTH, P.C.
Attorney ID# 34265
Two Commerce Square
2001 Market St., Suite 2900
Philadelphia, PA  19103
(215) 567-3500

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 47 HEALTH AND WELFARE FUND, et al<br><br>v.<br><br>PURDUE PHARMA L.P.<br>        and<br>THE PURDUE FREDERICK COMPANY INC. | CIVIL ACTION<br><br><br>No. 07-1968-RK<br><br><br><br>HON. ROBERT F. KELLY, J. |

**CERTIFICATE OF SERVICE**

   WILLIAM D. MARVIN, attorney for plaintiff, hereby certifies that true and correct copies of the foregoing Answer to Motion to Transfer were served upon counsel for defendant, by ECF Notice and by first-class mail, postage paid, deposited this date, addressed as follows:

Jason A. Snyderman, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Commerce Square, 22nd Floor
2005 Market St.
Philadelphia, PA  19103
     counsel for Defendant Purdue Pharma L.P.


DATE: _____          _____
                                WILLIAM D. MARVIN, ESQUIRE
                                Attorney for Plaintiff

COHEN, PLACITELLA & ROTH, P.C.
Attorney ID# 34265
Two Commerce Square
2001 Market St., Suite 2900
Philadelphia, PA  19103
(215) 567-3500