UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNTY 47 HEALTH AND WELFARE FUND, *et al.*,<br><br>v.<br><br>PURDUE PHARMA L.P., *et al.* | **<br>**<br>**<br>**  Civil Action No. 07-cv-08761-JGK-MHD<br>**<br>**<br>**<br>**<br>** |

# THE PURDUE DEFENDANTS' SECOND NOTICE
# OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
# THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

| | |
|---|---|
| Donald I Strauber<br>Mary T. Yelenick<br>Phoebe A. Wilkinson<br>Gretchen N. Werwaiss<br>Chadbourne & Parke LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 408-5100<br>Facsimile: (212) 541-5369<br><br>*COUNSEL FOR*<br>*THE PURDUE DEFENDANTS* | Chilton D. Varner<br>Stephen B. Devereaux<br>King & Spalding LLP<br>1180 Peachtree Street, NE<br>Atlanta, GA 30309<br>Telephone: (404) 572-4600<br>Facsimile: (404) 572-5100<br><br>Patrick S. Davies<br>Joshua D. Greenberg<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401<br>Tel: (202) 662-6000<br>Fax: (202) 662-6291<br><br>*OF COUNSEL FOR*<br>*THE PURDUE DEFENDANTS* |

Purdue Pharma L.P. and The Purdue Frederick Company Inc. (the "Purdue Defendants" or "Purdue") respectfully submit this Notice of Supplemental Authority to bring to the Court's attention the Third Circuit's opinion in *Hunt v. U.S. Tobacco Co.,* No. 07-2134, 2008 U.S. App.

LEXIS 16547 (3rd Cir. Aug. 5, 2008), and to briefly explain the relevance of the opinion to Purdue's pending Motion for Judgment on the Pleadings.

In support of its Motion for Judgment on the Pleadings, Purdue argued that Plaintiffs failed to state a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), including its "catch-all" provision, because Plaintiffs have not alleged that they relied on Purdue's alleged misconduct. In their opposition to Purdue's Motion, Plaintiffs argued that (1) reliance does not have to be pled to state a claim under the UTPCPL catch-all provision, and (2) even if Plaintiffs are required to allege reliance to state a claim under the catch-all provision, they are entitled to a presumption of reliance. Among other authorities, Plaintiffs cited the district court's opinion in *Hunt v. U.S. Tobacco* in support of their arguments. (*See* Plaintiffs' Memorandum in Opposition to the Purdue Defendants' Motion for Judgment on the Pleadings [Doc. 18] at 9 and 11 ("Plaintiffs' Brief").)

In *Hunt*, the Third Circuit addressed and ruled upon these arguments and, in so doing, vacated the district court opinion relied on by Plaintiffs. More specifically, the court held that a private plaintiff must plead and prove justifiable reliance in order to make out a claim for consumer fraud under the UTPCPL even under the so-called "catch-all" provision of the statute (as amended in 1996). *Hunt*, 2008 U.S. App. LEXIS 16547, at *24. The court also held that no "presumption of reliance" is available under the UTPCPL; rather the plaintiff "must prove justifiable reliance affirmatively." *Id.* at *26.

The Third Circuit's holding and analysis is directly relevant to several issues currently before this Court:

*First*, the court analyzed prior Pennsylvania precedent to predict whether the Pennsylvania Supreme Court would require a private plaintiff to allege justifiable reliance in order to state a claim for deceptive conduct under the UTPCPL catch-all provision. *Id*. at *7-*16. The court's analysis of this issue is relevant to the arguments set forth on (1) pages 17-18 and 21 of The Purdue Defendants' Memorandum of Law in Support of their Motion for Judgment on the Pleadings [Doc. No. 13] ("Purdue's Brief"); (2) pages 9-11 of Plaintiffs' Brief; and (3) pages 7-8 of The Purdue Defendant's Reply Brief in Support of Their Motion for Judgment on the Pleadings [Doc. 19] ("Purdue's Reply").

*Second*, the court addressed the effect of the 1996 amendment to the UTPCPL catch-all provision, which expanded the scope of the provision from fraudulent conduct to "fraudulent or deceptive" conduct, on the UTPCPL's reliance requirement. *Id*. at *19-*23. The court's analysis of this issue is relevant to the arguments set forth on (1) page 21 of Purdue's Brief; (2) pages 9-11 of Plaintiffs' Brief; and (3) pages 7-8 of Purdue's Reply.

*Third*, the court addressed what must be pled to allege justifiable reliance in order to state a claim under the UTPCPL. *Id*. at *24-25. The court's analysis of this issue is relevant to the arguments set forth on (1) pages 17-18 of Purdue's Brief; and (2) page 11, n.11 of Plaintiffs' Brief.

*Fourth*, the court addressed whether a plaintiff who must allege justifiable reliance in order to state a claim under the UTPCPL is ever entitled to a presumption of reliance. *Id*. at *25-*29. The court's analysis of this issue is relevant to arguments set forth on (1) pages 13-14 of Plaintiffs' Brief; and (2) pages 8-10 of Purdue's Reply.

Respectfully submitted this 26th day of August, 2008.

        <u>s/Donald I Strauber</u>

Donald I Strauber
(dstrauber@chadbourne.com)
Mary T. Yelenick
Phoebe A. Wilkinson
Gretchen N. Werwaiss
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*COUNSEL FOR
THE PURDUE DEFENDANTS*


Chilton D. Varner
Stephen B. Devereaux
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA  30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Patrick S. Davies
Joshua D. Greenberg
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Tel: 202.662.6000
Fax: 202.662.6291

*OF COUNSEL FOR
THE PURDUE DEFENDANTS*