LEXSEE


Analysis
As of: Aug 26, 2008

**GREGORY HUNT, individually and on behalf of himself and all others similarly situated v. UNITED STATES TOBACCO COMPANY; U.S. SMOKELESS TOBACCO COMPANY, f/k/a UNITED STATES TOBACCO COMPANY; UNITED STATES TOBACCO SALES AND MARKETING COMPANY, INC.; UNITED STATES TOBACCO MANUFACTURING COMPANY, INC.; UST INC.; U.S. TOBACCO BRANDS INC.; UNITED STATES SMOKELESS TOBACCO MANUFACTURING LIMITED PARTNERSHIP, Appellants**

No. 07-2134

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

2008 U.S. App. LEXIS 16547

**April 17, 2008, Argued**
**August 5, 2008, Filed**

**PRIOR HISTORY:** [*1]
Appeal from the United States District Court for the Eastern District of Pennsylvania. (D.C. Civil Action No. 06-cv-01099). District Judge: Honorable Ronald L. Buckwalter.
Hunt v. United States Tobacco Co., 2006 U.S. Dist. LEXIS 64960 (E.D. Pa., Sept. 11, 2006)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant tobacco company appealed from the U.S. District Court for the Eastern District of Pennsylvania which held in favor of appellees, a consumer and proposed class members, in a suit that alleged that the company engaged in anticompetitive behavior that artificially inflated the price of the company's moist smokeless tobacco products in violation of the Pennsylvania Uniform Trade Practices and Consumer Protection Law (UTPCPL).

**OVERVIEW:** The company's alleged misconduct included theft and concealment of competitors' distribution racks and point-of-sale advertisements at various stores, as well as dissemination of disparaging and false statements about competitors' products. The consumer further alleged that the company concealed its anticompetitive behavior. At issue on appeal was whether a private plaintiff alleging deceptive (rather than fraudulent) conduct under the amended catch-all provision of the UTPCPL had to prove that he justifiably relied on the defendant's alleged deceptive conduct or statements. The Pennsylvania Supreme Court had announced and applied a broad rule that private plaintiffs had to allege justifiable reliance under the UTPCPL. The instant court thus thought it imprudent to create an exception here for plaintiffs suing under the "deception" prong of the Consumer Protection Law's catch-all provision, and declined to do so. Further, the consumer did not adequately allege that he justifiably relied on the company's deception, for he did not allege that the company's deception induced him to purchase the company's products or engage in any other detrimental activity.

**OUTCOME:** The appellate court vacated the district court's order denying the company's motion to dismiss and remanded the case for a determination whether to grant leave to amend.

**CORE TERMS:** consumer, justifiable reliance, smokeless, deceptive, deception, misrepresentation, post-1996, private-plaintiff, purchaser, unfair, justifiably relied, purchasing, class actions, justifiable-reliance, causation, common law, alleging violations, suffered harm, misunderstanding, proscribing, fraudulent, ticket, private cause of action, tobacco products, wrongful conduct, advertisement, brochure, presume, season, amend

2008 U.S. App. LEXIS 16547, *

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Pleadings > Complaints > General Overview*
[HN1]An appellate court accepts all factual allegations in a complaint and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiffs.

*Civil Procedure > Federal & State Interrelationships > General Overview*
[HN2]In those few instances in which the highest state court has recently spoken to the precise question at issue in a particular setting, the duty of the federal court to determine and apply state law is easily met. After all, the state's highest court is the best authority on its own law. By contrast, in the absence of any clear precedent of the state's highest court, the federal court must predict how that court would resolve the issue. In making such a prediction, the federal court should consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would resolve the issue at hand.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Coverage*
[HN3]The Pennsylvania Uniform Trade Practices and Consumer Protection Law prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce. 73 Pa. Cons. Stat. § 201-3. 73 Pa. Cons. Stat. § 201-2(4) lists specific unfair methods of competition and unfair or deceptive acts or practices, and includes a catchall provision. The statute creates a private right of action in persons upon whom unfair methods of competition and unfair or deceptive acts or practices are employed and whom, as a result, sustain an ascertainable loss.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Coverage*
[HN4]See 73 Pa. Cons. Stat. § 201-9.2.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Claims*
[HN5]Due to the causation requirement in the Pennsylvania Uniform Trade Practices and Consumer Protection Law's (UTPCPL) standing provision, 73 Pa. Cons. Stat. § 201-9.2(a) (permitting suit by private plaintiffs who suffer loss as a result of the defendant's deception), a private plaintiff pursuing a claim under the statute must prove justifiable reliance. The Pennsylvania Supreme Court has not recognized any exceptions, and has applied this rule in a variety of situations. The Pennsylvania Superior Court has applied the Pennsylvania Supreme Court's standing rule to the post-1996 catch-all provision, and the United States Court of Appeals for the Third Circuit has interpreted the rule to apply to all UTPCPL subsections.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Claims*
[HN6]The United States Court of Appeals for the Third Circuit thinks the Pennsylvania Supreme Court would require justifiable reliance where a private plaintiff alleges deceptive conduct under the post-1996 catch-all provision of the Pennsylvania Uniform Trade Practices and Consumer Protection Law.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Claims*
[HN7]The Supreme Court of Pennsylvania has consistently interpreted the Pennsylvania Uniform Trade Practices and Consumer Protection Law's (UTPCPL), 73 Pa. Cons. Stat. § 201-9.2, private-plaintiff standing provision's causation requirement to demand a showing of justifiable reliance, not simply a causal connection between the misrepresentation and the harm. Plaintiffs bringing a private suit under UTPCPL § 201-2(4)(v) and (ix) must allege that they rely on the defendant's deceptive conduct. The standing provision applicable to the Attorney General, by contrast, contains no such requirement. Thus, unlike the Attorney General, who is responsible for protecting public interests, a private plaintiff could not pursue an advertiser because an advertisement might deceive members of the audience and might influence a purchasing decision when the plaintiff himself was neither deceived nor influenced. The UTPCPL's underlying foundation is fraud prevention, and nothing in the statute's legislative history suggests that the legislature ever intended statutory language directed against

consumer fraud to do away with the traditional common law elements of reliance and causation.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Claims*
[HN8]To bring a private cause of action under the Pennsylvania Uniform Trade Practices and Consumer Protection Law, a plaintiff must show that he justifiably relies on the defendant's wrongful conduct or representation and that he suffers harm as a result of that reliance.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Claims*
[HN9]A plaintiff alleging violations of the Pennsylvania Uniform Trade Practices and Consumer Protection Law must prove justifiable reliance.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Claims*
[HN10]A plaintiff bringing an action under the Pennsylvania Uniform Trade Practices and Consumer Protection Law (UTPCPL) must prove the common law fraud elements of reliance and causation with respect to all subsections of the UPTCPL.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Claims*
[HN11]Given the Pennsylvania courts' repeated holdings that to bring a private cause of action under the Pennsylvania Uniform Trade Practices and Consumer Protection Law (UTPCPL), a plaintiff must show that he justifiably relies on the defendant's wrongful conduct or representation and that he suffers harm as a result of that reliance. Private plaintiffs alleging deceptive conduct under the UTPCPL's post-1996 catchall provision must allege justifiable reliance.

*Antitrust & Trade Law > Consumer Protection > Deceptive Acts & Practices > State Regulation*
*Antitrust & Trade Law > Trade Practices & Unfair Competition > State Regulation > Coverage*
[HN12]A private-plaintiff standing provision, by its nature, applies to all private plaintiffs, whatever substantive subsection of the Pennsylvania Uniform Trade Practices and Consumer Protection Law § 201-2(4) they invoke, for its purpose is to separate private plaintiffs (who may only sue for harm they actually suffer as a result of the defendant's deception) from the Attorney General (who may sue to protect the public from conduct that is likely to mislead).

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
*Civil Procedure > Pleading & Practice > Pleadings > Complaints > General Overview*
[HN13]A court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss.

**COUNSEL:** Margaret M. Zwisler, Esquire (Argued), Charles H. Samel, Esquire, Latham & Watkins, Washington, D.C., Counsel for Appellants.

Alan M. Sandals, Esquire, Sandals & Associates, Philadelphia, PA; Kenneth G. Gilman, Esquire, Douglas M. Brooks, Esquire (Argued), David Pastor, Esquire, Daniel D'Angelo, Esquire, Gilman & Pastor, Boston, MA, Counsel for Appellee.

**JUDGES:** Before: SCIRICA, Chief Judge, AMBRO and FISHER, Circuit Judges.

**OPINION BY:** AMBRO

**OPINION**

OPINION OF THE COURT

AMBRO, Circuit Judge

We consider whether a private plaintiff alleging "deceptive" (rather than "fraudulent") conduct under the amended catch-all provision of the Pennsylvania Uniform Trade Practices and Consumer Protection Law must prove that he justifiably relied on the defendant's alleged deceptive conduct or statements. Concluding that under the private-plaintiff standing provision of that Law he must so prove, and finding an allegation of justifiable reliance lacking in the Complaint, we vacate the District Court's judgment denying the defendant's motion to dismiss and remand [*2] the case for determination whether to permit leave to amend.

**I. Background**

Plaintiff-appellee Gregory Hunt and proposed class members in this putative class action suit allege that U.S.

Smokeless Tobacco Company ("Smokeless") engaged in anticompetitive behavior that artificially inflated the price of the company's moist smokeless tobacco products, causing purchasers to pay at least $ 0.07 per can more than they would have paid in an efficient market. The alleged misconduct included theft and concealment of competitors' distribution racks and point-of-sale advertisements at various stores, as well as dissemination of disparaging and false statements about competitors' products. Hunt further alleges that Smokeless concealed its anticompetitive behavior, thereby leading "all consumers acting reasonably under the circumstances to believe that they were purchasing moist smokeless tobacco products at prices born[e] by a free and fair market." [1]

> 1   In other words, Hunt claims that consumers "relied on a presumption that they were paying prices set by an efficient market, when in fact they were paying prices artificially inflated by [Smokeless's] anti-competitive and deceptive conduct."

In a suit [*3] by one of Smokeless's competitors, a jury found Smokeless liable for the underlying antitrust violations. Conwood Co., L.P. v. United States Tobacco Co., No. 5:98-CV-108-R, 2000 U.S. Dist. LEXIS 12797, 2000 WL 33176054 (W.D. Ky. Aug. 10, 2000), aff'd, 290 F.3d 768 (6th Cir. 2002). Hunt does not press, however, an antitrust claim. Instead, he frames Smokeless's misconduct as consumer deception in violation of Pennsylvania's Uniform Trade Practices and Consumer Protection Law ("Consumer Protection Law"), 73 Pa. Cons. Stat. §§ 201-1 to 201-9.2. Specifically, he brought his suit in the Pennsylvania Court of Common Pleas under the so-called "catch-all provision" of the Consumer Protection Law, § 201-2(4)(xxi), which, following a 1996 amendment adding the words "or deceptive," proscribes "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." [2]

> 2   Hunt also brought suit under § 201-2(4)(viii), which prohibits "[d]isparaging the goods, services or business of another by false or misleading representation of fact." He does not ask us to affirm the District Court under this subsection. In any event, our conclusion under § 201-2(4)(viii) would be the same as [*4] the one we reach under § 201-2(4)(xxi): Hunt must allege, but has not alleged, that he relied on Smokeless's deceptive conduct.

After removing the case to the United States District Court for the Eastern District of Pennsylvania under the Class Action Fairness Act, 28 U.S.C. § 1453 (permitting the removal of certain class actions to federal court on diversity grounds), Smokeless moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that Hunt failed to allege that he had justifiably relied on Smokeless's deceptive conduct and suffered harm as a result of that reliance. The District Court denied the motion, holding that "Plaintiff does not need to establish reliance under the catch-all provision of the [Consumer Protection Law]." Hunt v. United States Tobacco Co., No. 06-cv-1099, 2006 U.S. Dist. LEXIS 64960, 2006 WL 2619806, at *2 (E.D. Pa. Sept. 11, 2006). It reasoned that because the Consumer Protection Law should be construed liberally, and because the legislature added the words "or deceptive" to the catch-all provision in 1996, the provision should be read to relieve plaintiffs of proving all the elements of common-law fraud. Id.

The District Court granted Smokeless's motion [*5] to certify the Court's order for interlocutory appeal, presenting the issue whether a plaintiff is required to prove reliance in order to state a deception claim under the amended catch-all provision of the Consumer Protection Law. We then granted permission to appeal pursuant to 28 U.S.C. § 1292(b).

## II. Standard of Review and Governing Law

We exercise *de novo* review. *See* Dixon Ticonderoga Co. v. Estate of O'Connor, 248 F.3d 151, 161 (3d Cir. 2001). Moreover, [HN1]"[w]e accept all factual allegations in the complaint[] and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiffs." Anthony v. Council, 316 F.3d 412, 416 (3d Cir. 2003) (internal quotation marks omitted).

Sitting in diversity, we must apply Pennsylvania's law, as it governs the cause of action here. *See* Yurecka v. Zappala, 472 F.3d 59, 62 (3d Cir. 2006). [HN2]"In those few instances in which the highest state court has recently spoken to the precise question at issue in a particular setting, the duty of the federal court to determine and apply state law is easily met. After all, [t]he State's highest court is the best authority on its own law." McKenna v. Ortho Pharm. Corp., 622 F.2d 657, 661 (3d Cir. 1980) [*6] (internal quotation marks omitted; alteration in the original). By contrast, "[i]n the absence of any clear precedent of the state's highest court, we must predict how that court would resolve the issue." Yurecka, 472 F.3d at 62 (citing Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 528 n.3 (3d Cir. 1997)). "In making such a prediction, we should consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would resolve the issue at hand." *Id.* (internal quotation marks omitted).

### III. The Consumer Protection Law's Basic Framework

[HN3]The Consumer Protection Law prohibits "unfair methods of competition" and "unfair or deceptive acts or practices" in the conduct of trade or commerce. 73 Pa. Cons. Stat. § 201-3; *see also Toy v. Metro. Life Ins. Co.,* 593 Pa. 20, 928 A.2d 186, 190 n.4 (Pa. 2007). Section 201-2(4) "lists specific unfair methods of competition and unfair or deceptive acts or practices, and includes a catchall provision." *Id.* "The statute creates a private right of action in persons upon whom unfair methods of competition and unfair or deceptive acts or practices [*7] are employed and who[,] as a result, sustain an ascertainable loss." *Id.* (citing 73 Pa. Cons. Stat. § 201-9.2). [3]

> 3 [HN4]The private-plaintiff standing provision reads in pertinent part:
>
> (a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby *suffers any ascertainable loss* of money or property, real or personal, *as a result of the use or employment by any person of a method, act or practice declared unlawful* by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($ 100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($ 100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.
>
> 73 Pa. Cons. Stat. § 201-9.2 (emphases added).

### IV. Hunt Must Allege Justifiable Reliance

We believe the Pennsylvania Supreme Court has effectively answered the question presented in this case. That Court has categorically and repeatedly stated that, [HN5]due to the causation [*8] requirement in the Consumer Protection Law's standing provision, 73 Pa. Cons. Stat. § 201-9.2(a) (permitting suit by private plaintiffs who suffer loss "as a result of" the defendant's deception), a private plaintiff pursuing a claim under the statute must prove justifiable reliance. *See, e.g., Schwartz v. Rockey,* 593 Pa. 536, 932 A.2d 885, 897 n.16 (Pa. 2007) (stating that "the justifiable reliance criterion derives from the causation requirement which is express on the face of section 9.2[, the statute's private-plaintiff standing provision]"); *Toy,* 928 A.2d at 202 ("[A] plaintiff alleging violations of the Consumer Protection Law must prove justifiable reliance."); *Yocca v. Pittsburgh Steelers Sports, Inc.,* 578 Pa. 479, 854 A.2d 425, 438 (Pa. 2004) ("To bring a private cause of action under the [Consumer Protection Law], a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance."). It has not recognized any exceptions, and has applied this rule in a variety of situations. These include, in *Yocca,* a claim--like Hunt's claim here --under the post-1996 catch-all provision. *See* Plaintiffs['] Third Amended Class [*9] Action Complaint in Civil Action at 18-19, *Yocca,* No. GD 01-016041 (Pa. Ct. C.P. 2001) (accusing defendant of, *inter alia,* "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding"). The Pennsylvania Superior Court has applied the Supreme Court's standing rule to the post-1996 catch-all provision, *see Debbs v. Chrysler Corp.,* 2002 PA Super 326, 810 A.2d 137, 156-58 (Pa. Super. Ct. 2002); *Sexton v. PNC Bank,* 2002 PA Super 33, 792 A.2d 602, 607-08 (Pa. Super. Ct. 2002), and our Court has interpreted the rule to apply to *all* Consumer Protection Law subsections, *see Santana Prods., Inc. v. Bobrick Washroom Equipment, Inc.,* 401 F.3d 123, 136 (3d Cir. 2005). Given this significant authority on statutory standing, [HN6]we think the Pennsylvania Supreme Court would require justifiable reliance where a private plaintiff alleges deceptive conduct under the post-1996 catch-all provision.

### A. Pennsylvania Courts' Interpretation and Application of the Consumer Protection Law's Private-Plaintiff Standing Provision

[HN7]The Supreme Court of Pennsylvania has consistently interpreted the Consumer Protection Law's private-plaintiff standing provision's causation requirement to demand a [*10] showing of justifiable reliance, not simply a causal connection between the misrepresentation and the harm. [4] In *Weinberg v. Sun Co.,* it held that plaintiffs bringing a private suit under Consumer Protection Law § 201-2(4)(v) [5] and (ix) [6] must allege that they relied on the defendant's deceptive conduct. 565 Pa. 612, 777 A.2d 442, 446 (Pa. 2001). [7] The standing provision applicable to the Attorney General, by contrast, contained no such requirement. *Id.* at 445-46. [8] Thus, unlike the Attorney General, who is responsible for protecting public interests, a private plaintiff could not "pursue an

advertiser because an advertisement might deceive members of the audience and might influence a purchasing decision when the plaintiff himself was neither deceived nor influenced." *Id.* at 446. The Court further noted that the Consumer Protection Law's "'underlying foundation is fraud prevention,'" *id.* (quoting *Commonwealth v. Monumental Properties, Inc.,* 459 Pa. 450, 329 A.2d 812, 816 (1974)), and that "[n]othing [*11] in the [statute's] legislative history suggests that the legislature ever intended statutory language directed against consumer fraud to do away with the traditional common law elements of reliance and causation." *Id.* Applying these broad principles, the Court held that private purchasers of Sunoco Ultra(R) gasoline who sued Sunoco under the theory that its advertisements about Ultra(R) were misleading must allege that they "purchased Ultra(R) because [they] heard and believed Sunoco's false advertising." *Id.* at 444-46.

> 4  A mere causal connection can be established by, for instance, proof that a misrepresentation inflated a product's price, thereby injuring every purchaser because he paid more than he would have paid in the absence of the misrepresentation. See *Weinberg v. Sun Co.,* 565 Pa. 612, 777 A.2d 442, 445 (Pa. 2001). A justifiable-reliance requirement, by contrast, requires the plaintiff to go further--he must show that he justifiably bought the product in the first place (or engaged in some other detrimental activity) because of the misrepresentation. See *id.* at 446.
>
> 5  This subsection prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, [*12] uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have."
>
> 6  The subsection prohibits "[a]dvertising goods or services with intent not to sell them as advertised."
>
> 7  The Supreme Court did not cite to the specific subsections at issue, but a review of the Pennsylvania Superior Court's decision in the case reveals that these were the subsections involved. See *Weinberg v. Sun Co.,* 1999 PA Super 228, 740 A.2d 1152, 1165-66, 1169-70 (Pa. Super. Ct. 1999), *rev'd in part,* 565 Pa. 612, 777 A.2d 442 (Pa. 2001).
>
> 8  The provision authorizing suits by the Attorney General or a District Attorney states:
>
>> Whenever *the Attorney General or a District Attorney* has reason to believe that any person is using or is about to use any method, act or practice declared by section 3 of this act [73 Pa. Cons. Stat. § 201-3] to be unlawful, and that proceedings would be *in the public interest,* he may bring an action *in the name of the Commonwealth* against such person to restrain by temporary or permanent injunction the use of such method, act or practice.
>
> 73 Pa. Cons. Stat. § 201-4 (emphases added).

The Pennsylvania Supreme Court reaffirmed *Weinberg* in its [*13] subsequent decision in *Yocca,* 578 Pa. 479, 854 A.2d 425. In that case, season ticket holders to games of the Pittsburgh Steelers sued the team under the Consumer Protection Law for allegedly making false statements in its brochure soliciting season ticket purchases. *Id.* at 427, 432. They pressed claims under Consumer Protection Law § 201-2(4)(vii), (ix), (x), and (xi), as well as the post-1996 catch-all provision. See Plaintiffs['] Third Amended Class Action Complaint in Civil Action at 18-19, *Yocca,* No. GD 01-016041 (accusing the Steelers of, *inter alia,* "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding"). Drawing no distinctions among these substantive subsections of the Consumer Protection Law, *see* 854 A.2d at 438-39, the Supreme Court held that the purchasers of season tickets failed to state a claim under the statute because they could not show justifiable reliance, *id.* Reaffirming its holding in *Weinberg,* the Court stated that [HN8]"[t]o bring a private cause of action under the [Consumer Protection Law], a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered [*14] harm as a result of that reliance." *Id.* at 438 (citing *Weinberg,* 777 A.2d at 446). The purchasers could not make such a showing because even if they relied on the misleading brochure in purchasing the season tickets, that reliance would not have been justifiable: they signed a purchase agreement after reading the brochure, and that agreement explicitly stated that its terms superseded all of the parties' previous representations and agreements. *Id.* at 439. Thus the ticket holders had "explicitly disclaimed reliance" on anything said in the brochure. *Id.*

In *Toy,* 593 Pa. 20, 928 A.2d 186, the Pennsylvania Supreme Court reiterated the Consumer Protection Law's private-plaintiff standing requirement of justifiable reliance. There, a life-insurance policyholder sued the insurance company under 73 Pa. Cons. Stat. § 201-2(4)(ii), [9] (v), [10] (vii) [11] and (xvii) (the catch-all provision) [12] of the Consumer Protection Law for allegedly misrepresenting

its life insurance policy as a retirement plan. *Id.* at 189-90. Once again interpreting the private-action standing provision in 73 Pa. Cons. Stat. § 201-9.2, the Court stated that under *Weinberg* [HN9]"a plaintiff alleging violations of the Consumer Protection Law [*15] must prove justifiable reliance." *Id.* at 202 (citing *Yocca,* 578 Pa. 479, 854 A.2d 425); *see also id.* at 208 ("In summary, this Court concludes that . . . [our] decision in *Weinberg* stands for the proposition that . . . a plaintiff alleging violations of the Consumer Protection Law *must prove the common law fraud element of justifiable reliance* . . . ." (citation omitted; emphasis added)).

> 9   This subsection prohibits "[c]ausing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services."
> 10   It prohibits, among other things, "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have."
> 11   This proscribes "[r]epresenting that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another."
> 12   Even though the case was decided after *Yocca,* the policyholder in *Toy* sued under the catch-all provision as it stood *prior* to 1996 (the year in which the words "or deceptive" were added to the provision). *Toy,* 928 A.2d at 188 n.1, 190 n.4. Thus, the catch-all provision at issue in *Toy* merely [*16] prohibited "any other *fraudulent* conduct which creates a likelihood of confusion or misunderstanding." *Id.* at 190 n.4 (emphasis added).

The Supreme Court mentioned its justifiable-reliance requirement most recently in *Schwartz v. Rockey,* 593 Pa. 536, 932 A.2d 885, 897 & n.16 (Pa. 2007). In the course of deciding whether to import common-law punitive damage principles into the Consumer Protection Law's treble damages provision, it noted that the "justifiable reliance criterion [of the Consumer Protection Law] derives from the causation requirement which is express on the face of section 9.2." *Id.* at 897 n.16.

The Pennsylvania Superior Court has followed suit. In *Debbs,* 810 A.2d at 156-58 (citing *Weinberg,* 777 A.2d at 446), the Court held that reliance (which, under Pennsylvania Supreme Court precedent, must be justifiable) was required under, *inter alia,* the post-1996 catch-all subsection (xxi) of § 201-2(4). *Sexton v. PNC Bank,* 792 A.2d at 607-08 (citing *Weinberg,* 777 A.2d at 446), held similarly.

## B. Our Court's Interpretation of Pennsylvania Case Law

Given the Pennsylvania Supreme Court's unequivocal holdings, and the Pennsylvania Superior Court's interpretation of those holdings, it is perhaps unsurprising [*17] that our Court has already interpreted the justifiable-reliance standing requirement to apply to *all* substantive subsections of the Consumer Protection Law, fraud-based or not. In *Santana Prods., Inc.,* we interpreted *Weinberg* to mean that [HN10]"a plaintiff bringing an action under the [Consumer Protection Law] must prove the common law fraud elements of reliance and causation with respect to *all subsections of the [Consumer Protection Law].*" 401 F.3d at 136 (emphasis added) (making this observation in the course of determining whether the Consumer Protection Law's statute of limitations should be borrowed for purposes of plaintiff's Lanham Act claim). Similarly, in *Tran v. Metro. Life Ins. Co.,* 408 F.3d 130, 139-41 (3d Cir. 2005), we stated that the plaintiff was wise to retreat at oral argument from his contention that, because he alleged only unfair business practices and deceptive conduct, not fraud, he need not allege justifiable reliance. Citing *Weinberg, Yocca,* and various Superior Court decisions, we "reject[ed the plaintiff's] argument that he [was] freed from proving justifiable reliance in connection with his [Consumer Protection Law] claims." *Id.* at 141.

## C. Hunt Must Allege Justifiable [*18] Reliance Under the "Deception" Prong of the Post-1996 Catchall Provision

[HN11]Given the Pennsylvania courts' repeated holdings that "[t]o bring a private cause of action under the [Consumer Protection Law], a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance," *Yocca,* 854 A.2d at 438 (where, as here, the plaintiffs pressed a claim under the post-1996 catch-all provision, *see id.;* Plaintiffs['] Third Amended Class Action Complaint in Civil Action at 18-19, *Yocca,* No. GD 01-016041), we conclude that private plaintiffs alleging deceptive conduct under the statute's post-1996 catchall provision must allege justifiable reliance.

Hunt's arguments to the contrary do not persuade us. First, he contends that the Pennsylvania Supreme Court meant to create a justifiable reliance requirement only for claims of fraud, not claims of deceptive or unfair practices. Hunt's Br. 15-18. He points to the Court's statement in *Weinberg* that "[n]othing in the [statute's] legislative history suggests that the legislature ever intended statutory language *directed against consumer fraud* to do away with the traditional [*19] common law elements of reliance and causation." 777 A.2d at 446 (emphasis

added). This language hardly means that only plaintiffs bringing claims under the provisions of § 201-2(4) that pertain to fraud need allege justifiable reliance. Indeed, in *Weinberg* the Court required the plaintiffs to allege justifiable reliance under Consumer Protection Law § 201-2(4)(v), which the Court described as an allegation of "*deceptive* marketing of goods." *Id.* at 444 (emphasis added); *see supra* note 7. And to the extent the *Weinberg* Court arguably suggested a limitation of the sort Hunt would have us recognize, that suggestion, as noted above, was dispelled by *Yocca.*

Similarly, we find Hunt's arguments relating to the 1996 amendment to the catch-all provision unpersuasive. He argues, and the District Court concluded, that after the 1996 amendment's addition of the words "or deceptive" to the catch-all provision, a plaintiff alleging deception under that provision need not prove all the elements of common-law fraud. [13] *Hunt,* 2006 U.S. Dist. LEXIS 64960, 2006 WL 2619806, at *2; Hunt's Br. 10-14. Some authority supports that proposition. *See, e.g., Commonwealth v. Percudani,* 825 A.2d 743, 746-47 (Pa. Commw. Ct. 2003). But even accepting [*20] that proposition for the sake of argument, it does not necessarily follow that justifiable reliance is one of the common-law-fraud elements from which a private Consumer Protection Law plaintiff alleging mere deception is excused.

> 13   "[T]o establish common law fraud, a plaintiff must prove: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Colaizzi v. Beck,* 2006 PA Super 41, 895 A.2d 36, 39 (Pa. Super. Ct. 2006).

Such a reading is especially appropriate because the justifiable-reliance requirement on which we base our decision emanates not from the catch-all provision that the legislature amended in 1996, but rather from the private-plaintiff standing provision. *See Schwartz,* 932 A.2d at 897 & n.16; *Weinberg,* 777 A.2d at 445-46. [HN12]A private-plaintiff standing provision, by its nature, applies to all private plaintiffs, whatever substantive subsection of § 201-2(4) they invoke, for its purpose is to separate private plaintiffs (who may only sue for harm they actually suffered as a result of the defendant's deception) [*21] from the Attorney General (who may sue to protect the public from conduct that is likely to mislead). *See Schwartz,* 932 A.2d at 897 n.16; *Weinberg,* 777 A.2d at 444-46. [14] It is thus unsurprising that in *Yocca,* where the plaintiffs sued under the amended version of the catch-all provision, *see* Plaintiffs['] Third Amended Class Action Complaint in Civil Action at 18-19, *Yocca,* No. GD 01-016041, the Pennsylvania Supreme Court continued to hold that justifiable reliance is a requirement for private plaintiffs, *see* 854 A.2d at 438-39 (citing *Weinberg,* 777 A.2d at 446 (grounding reliance requirement in private-plaintiff standing provision)). [15]

> 14   By contrast, the Pennsylvania Commonwealth Court's decision in *Percudani* involved a suit by the Pennsylvania Attorney General, not private plaintiffs, so the Consumer Protection Law's private-plaintiff standing provision was not at issue there. *See* 825 A.2d at 744.
>
> 15   We thus think mistaken those trial-court opinions that rely on the 1996 amendment to conclude that reliance is no longer required of private plaintiffs suing under the Consumer Protection Law's catch-all provision. *See, e.g., Alberton v. Commonwealth Land Title Ins. Co.,* 247 F.R.D. 469, 480-81 (E.D. Pa. 2008); [*22] *Foultz v. Erie Ins. Exch.,* No. 3053, 2002 Phila. Ct. Com. Pl. LEXIS 62, 2002 WL 452115, at *11-12 (Pa. C.P. Mar. 13, 2002).

*Toy* is not to the contrary. There, the Pennsylvania Supreme Court dismissed as "irrelevant" the plaintiff's argument that the 1996 amendment to the Consumer Protection Law's catch-all provision confirmed that justifiable reliance was not required. 928 A.2d at 203 n.20. That argument was irrelevant because the plaintiff was actually suing under the pre-1996 version of the statute. *Id.* Hunt overreads *Toy* to the extent he argues that because the Court found the argument "irrelevant" as to a claim under the pre-1996 statute, it must have found that argument "relevant" as to the post-1996 version of the statute. We read footnote 20 in *Toy* as merely suggesting that even *assuming* the plaintiff's argument had merit under the post-1996 catch-all provision, this would not help the plaintiff because she was suing under the pre-1996 provision. Assuming a premise for the sake of argument, of course, is not the same as validating that premise. This reading of footnote 20 is especially appropriate because, as discussed above, *Toy* reiterated the standing rule of *Weinberg* that "a plaintiff alleging violations of [*23] the Consumer Protection Law must prove the common law fraud element of justifiable reliance." *Id.* at 208.

We also find unpersuasive Hunt's argument that some subsections of § 201-2(4) are incompatible with a justifiable-reliance requirement. *See* Hunt's Br. 15 n.3 (citing § 201-2(4)(xii) (proscribing certain buyer referral agreements), (xiii) (proscribing pyramid and chain-letter schemes), (xiv) (proscribing failure to honor written warranty), (xvi) (proscribing repairs or improvements that are inferior to what was promised in writing), (xviii) (proscribing confession-of-judgment clauses in consumer

contracts)). He does not explain why a justifiable-reliance requirement would be incompatible with these subsections. To the extent he means that some of these subsections do not appear to proscribe deception or fraud (thus making it odd to ask whether the plaintiff would have purchased the product had he known the "truth"), this argument is inapplicable to this case, as here the wrong that Hunt attributes to Smokeless *is* deception. Hunt's complaint is that Smokeless's "deception, including its affirmative misrepresentations and omissions concerning the price of moist smokeless tobacco products, [*24] likely misled all consumers acting reasonably under the circumstances to believe that they were purchasing moist smokeless tobacco products at prices born[e] by a free and fair market." App. 83 (Complaint); *see also* Hunt's Br. 6 ("The issue here is whether a claim for 'deceptive conduct' under the catch-all provision requires proof of justifiable reliance."). [16]

> 16   Hunt also cites *Commonwealth v. Monumental Props. Inc.*, 459 Pa. 450, 329 A.2d 812, 817 (Pa. 1974), for its admonition that the Consumer Protection Law "is to be construed liberally to effect its object of preventing unfair or deceptive practices." But *Weinberg* relied on *Monumental Properties* as *support* for its justifiable-reliance requirement. *See Weinberg,* 777 A.2d at 446.

In sum, the Supreme Court of Pennsylvania has announced and applied a broad rule that private plaintiffs must allege justifiable reliance under the Consumer Protection Law. We thus think it imprudent to create an exception here for plaintiffs suing under the "deception" prong of the Consumer Protection Law's catch-all provision, and we decline to do so.

**V. Hunt Has Not Adequately Pled Justifiable Reliance**

Hunt has not adequately alleged that he justifiably relied on Smokeless's [*25] deception, for he has not alleged that Smokeless's deception induced him to purchase Smokeless's products or engage in any other detrimental activity. *See Weinberg,* 777 A.2d at 446 (stating that the plaintiff in that case "must allege reliance, *that he purchased Ultra(R) because he heard and believed Sunoco's false advertising*" (emphasis added)). Although Hunt alleges he and his putative class members "relied on a presumption that they were paying prices set by an efficient market," App. 49 (Complaint), he leaves us guessing as to how his knowledge that the market was inefficient would have changed his conduct. [HN13]"[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

We reject Hunt's suggestion that he enjoys a presumption of reliance, as this suggestion is inconsistent with Pennsylvania case law. *See Toy,* 928 A.2d at 202 (stating that "a plaintiff alleging violations of the Consumer Protection Law *must prove* justifiable reliance" (emphasis added)); *Yocca,* 854 A.2d at 438 ("To bring a private cause of action under the [Consumer Protection Law], a plaintiff [*26] must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance."). Hunt cannot enjoy a presumption of what he must prove affirmatively--that is, under the Consumer Protection Law, Hunt must prove justifiable reliance affirmatively.

A presumption of reliance is also inconsistent with Pennsylvania Superior Court precedent. In *Debbs,* for instance, the Pennsylvania Superior Court interpreted *Weinberg* and other precedents to require an individualized showing by each private plaintiff suing under the Consumer Protection Law's post-1996 catch-all provision that he actually relied on the defendant's alleged material omission (*i.e.,* that the omission actually affected his decision whether to purchase the product). 810 A.2d at 155-58 (suit against Chrysler by automobile owners who alleged that Chrysler withheld information that air bag deployment caused serious burns). Rejecting a broad presumption of reliance, [17] the Court decided that common questions of law and fact did not predominate over individual issues. Thus, it held that the plaintiffs' Consumer Protection Law claims were not appropriate for class certification. [*27] *Id.* at 158-59. Similarly, in *Aronson v. GreenMountain.com,* the Superior Court refused to presume reliance by customers of GreenMountain who sued the company under the Consumer Protection Law for false advertising. 2002 PA Super 316, 809 A.2d 399, 405 (Pa. Super. Ct. 2002). The Court reasoned that "'[t]here is no authority which would permit a private plaintiff to pursue an advertiser because an advertisement might deceive members of the audience and might influence a purchasing decision when the plaintiff himself was neither deceived nor influenced.'" *Id.* (quoting *Weinberg,* 777 A.2d at 446).

> 17   The Court recognized a narrow exception, not applicable to our case, that allows a presumption of reliance where the defendant and plaintiffs are in a fiduciary relationship. *Id.* at 157.

Hunt's arguments to the contrary do not convince us. His reliance on cases from non-Pennsylvania jurisdictions that do presume reliance is misplaced, as those cases (state cases, and federal cases imposing no constitutional or other federal restraint on Pennsylvania's Consumer Protection Law) do not bind the Pennsylvania Supreme Court. In any event, unlike the claims in many

of those cases, *see, e.g., Basic Inc. v. Levinson,* 485 U.S. 224, 108 S. Ct. 978, 99 L. Ed. 2d 194 (1988), [*28] Hunt's claim does not lend itself to a presumption of reliance. Securities-fraud cases, for instance, presume reliance where a defendant makes material misrepresentations about a company to an efficient securities market. *See Basic,* 485 U.S. at 245-47. There, "[b]ecause most publicly available information is reflected in [the] market price, an investor's reliance on any public material misrepresentations, therefore, may be presumed for purposes of a Rule 10b-5 action." *Id.* at 247. Hunt, by contrast, does not allege that Smokeless made a misrepresentation to an efficient market; rather, he alleges that Smokeless concealed the inefficiency of the market for Smokeless's product.

Moreover, the presumption of reliance in securities cases stems in part from the materiality of the misrepresented information, and Hunt has not explained how the information Smokeless concealed was material to a purchasing decision. *See id.* We are hard-pressed to understand how a potential purchaser's knowledge that a market for a product is inefficient would influence his decision whether to purchase that product. By contrast, where a seller deceives a potential purchaser as to the nature, quality or origin of [*29] a product, it is easy to understand the purchaser's later claim that the misrepresented information was important to his purchasing decision. A purchaser of a car, for instance, can plausibly claim that he might not have made the purchase had he known that the car actually had 200,000 miles on it instead of 200 as he was initially told. But it is far less clear to us that the purchaser would find it important that the market for that car is inefficient. Hunt's lack of even an attempt at an explanation as to the materiality of Smokeless's misrepresentations makes us particularly hesitant to accept his conclusory assertion that we should presume he relied on Smokeless's deception. [18]

---

18   Hunt also cites Pennsylvania Supreme Court cases holding that reliance can be presumed. But *Aronson* distinguished these cases as ones involving direct dealings between parties to a contract, rather than class actions. 809 A.2d at 405 (citing *New York Life Ins. Co. v. Brandwene,* 316 Pa. 218, 172 A. 669 (Pa. 1934); *In re Estate of Harris,* 431 Pa. 293, 245 A.2d 647 (Pa. 1968)). It also distinguished the cases as ones involving a material misrepresentation about which the plaintiff was aware. *Id.* As we have discussed, Hunt [*30] has not adequately explained why the alleged misrepresentations in this case are material to a purchasing decision. In any event, these cases cannot overcome the Pennsylvania Supreme Court's recent and specific pronouncements that a private Consumer Protection Law plaintiff must prove justifiable reliance. *See Toy,* 928 A.2d at 202; *Yocca,* 854 A.2d at 438.

## VI. We Remand for Determination Whether Hunt May Amend His Complaint

Although Hunt's failure to allege justifiable reliance renders his Complaint inadequate, we have held that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). On remand, the District Court should permit Hunt to amend his Complaint if the Court finds that he satisfies this standard.

## VII. Conclusion

Hunt must allege, but has not alleged, that he and other putative class members justifiably relied on Smokeless's deceptive conduct. We thus vacate the District Court's order denying Smokeless's motion to dismiss and remand the case for a determination whether to grant leave to amend.